UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROCK B. K.,[1]<br><br>                 Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security<br>Administration,[2]<br><br>                 Defendant. | Case No. 1:22-cv-00107-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint with the Court seeking judicial review of the

Commissioner's denial of his applications for disability and disability insurance benefits.

(Dkt. 1.)[3] The matter is fully briefed and at issue. (Dkt. 10, 19.) Having carefully

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul. Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

[3] As of December 1, 2022, the Federal Rules of Civil Procedure were amended to include Supplemental Rules for Social Security Review Actions under 42 U.S.C. § 405(g).  As such, the Court adopts the terms "Complaint," "Plaintiff," and "Defendant," in lieu of the former terminology (i.e., "Petition," "Petitioner," and "Respondent").

**MEMORANDUM DECISION AND ORDER - 1**

reviewed the parties' memoranda and the entire administrative record (AR), the Court

will affirm the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On February 13, 2019, Plaintiff filed a Title II application for a period of disability

and disability insurance benefits, claiming disability beginning June 13, 2017. At the time

of the alleged onset date of June 13, 2017, Plaintiff was fifty-four years of age. (AR 65.)

The application was denied initially and on reconsideration, and a telephonic

hearing was conducted on February 9, 2021, before Administrative Law Judge (ALJ)

David Willis. After considering testimony from Plaintiff and a vocational expert, the ALJ

issued a decision on May 12, 2021, finding Plaintiff had not been under a disability since

the alleged onset date through the date of the written decision. (AR 12 – 31.) The ALJ

determined Plaintiff was capable of performing his past relevant work as either an

insurance agent or as a sales manager at a warehouse. (AR 24.)

Plaintiff timely requested review by the Appeals Council, which denied his request

for review on January 13, 2022. (AR 1 – 6.) Petitioner timely appealed this final decision

to the Court on March 8, 2022. (Dkt. 1.) The Court has jurisdiction to review the ALJ's

decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports Plaintiff's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 3**

**DISCUSSION**

The following issues are raised on appeal:

1.    Whether the ALJ's finding that Plaintiff could return to his past relevant work as an insurance agent is in error on the grounds that Plaintiff is unable to obtain a producer license, which is an essential element of the position under Idaho Law;

2.    Whether the ALJ erred because he failed to reconcile the apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles concerning the postural changes required for Plaintiff's past relevant work of sales manager at a warehouse.

Had the ALJ found Plaintiff incapable of returning to his past relevant work, Plaintiff argues Rule 202.06 would have directed a finding of disabled due to Plaintiff's advanced age, high school education, and lack of transferrable work skills. Pl.'s Brief at 17, *citing* 20 C.F.R. § App. 2 to Subpt. P of Part 404 § 202.06 –Medical Vocational Guidelines. (Dkt. 14.) No other issues are raised by Plaintiff on appeal.

**ANALYSIS**

**A.    The ALJ's Analysis**

At step two,[4] the ALJ found Plaintiff had the following medically determinable, severe impairments: "inflammatory arthritis, degenerative disc disease, degenerative joint

---

[4] *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013), sets forth the five-step review process as follows: "The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v)."

**MEMORANDUM DECISION AND ORDER - 4**

disease of the right hip, and osteoporosis." (AR 17.) At step three, the ALJ determines whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 416.920(d), 416.925 and 416.926.

Here, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or were medically equal to Listing 14.09, inflammatory arthritis; 1.15, disorders of the skeletal spine resulting in compromise of a nerve root(s); 1.16, lumbar spinal stenosis resulting in compromise of the cauda equina; and 1.18, abnormality of a major joint in any extremity. (AR 19 – 20.) At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), and:

> [C]an lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; can stand or walk six hours each in an eight-hour day; can sit six hours in an eight-hour day; can occasionally climb ladders, cannot climb ropes or scaffolds; can occasionally stoop, kneel, crouch, and crawl; and can never tolerate unprotected heights, dangerous moving mechanical parts, or operating a motor vehicle as part of employment; would be off-task up to 10% of the day while at the work station due to medication side effects; and would be absent from work one day per month for medical reasons.

(AR 20.) Relying upon testimony from a vocational expert, the ALJ determined that Plaintiff would be able to perform his past relevant work as an insurance agent and as a sales manager at a warehouse. (AR 24.) The ALJ therefore did not proceed to step five.

B.      Licensure

The Commissioner generally does not consider a claimant's ability to secure any

licensure at step four. *See, e.g., Whitney v. Berryhill*, No. 1:16-cv-00030-EPG (E.D. Cal.

Feb. 24, 2017) (discussing that a failure to maintain an active license to practice a

profession is not a consideration for disability purposes). If a disability claimant contends

that he is unable to perform his past relevant work as a result of a medically based reason

that prevents him from meeting licensure requirements, however, the ALJ is directed to

"carefully assess the impact of the claimant's impairment-related limitations or

restrictions, including limitations or restrictions resulting from prescribed treatment, on

the claimant's RFC." POMS § DI 25005.001(C) (effective September 19, 2011).[5] For

example, "[i]f a drug prescription disqualifies a claimant from performing his past

relevant work, he is not capable of returning to that work." *Berry v. Astrue*, 622 F.3d

1228, 1231 (9th Cir. 2010).

Plaintiff relies on *Berry* to argue that he, too, must be found disabled and declared

eligible for benefits. Because his case is distinguishable from *Berry*, the Court finds

Plaintiff's reliance is misplaced, as explained more fully below.

In *Berry*, the plaintiff was a commercial truck driver who left his job as a courier

driver after six years.[6] The ALJ concluded that Berry retained the residual functional

---

[5] Social Security Administration, Program Operations Manual Systems, (effective Sept.
19, 2011 – Present), found at: https://secure.ssa.gov/poms.nsf/lnx/0425005001.
[6] After leaving his job, Berry sought treatment for various medical conditions through the
Department of Veterans Affairs. The VA determined Berry was "entitled to individual
unemployability" status. 622 F.3d at 1230.

**MEMORANDUM DECISION AND ORDER - 6**

capacity to return to his past relevant work as a commercial truck driver, and therefore was not disabled. Berry argued the ALJ erred because the ALJ did not consider whether the work had a mandatory drug testing requirement that Berry could not meet because of his use of prescription pain medication. At the hearing before the ALJ, Berry offered to prove that drug testing is imposed on employers of courier drivers by statute and thus was not merely an elective hiring preference. *Berry*, 622 F.3d at 1232. The ALJ considered Berry's proffer irrelevant. *Id.* at 1230. On appeal, the court agreed with Berry, holding that a mandatory drug testing requirement of the kind the plaintiff alleged was "not a mere hiring practice," and was therefore relevant to the determination of disability. *Id.* at 1232. Because the ALJ refused to consider whether Berry was correct, the court vacated the ALJ's finding of nondisability and remanded for further administrative proceedings. *Id.* at 1234.

The court in *Alves v. Colvin*, No. 1:12-cv-2883-SKO at 10 (E.D. Cal. Feb. 28, 2014), citing *Berry*, held that the ALJ erred in failing to consider the impact of the plaintiff's prescription drug use on his past relevant work as a commercial truck driver. The court cited the regulatory requirements for obtaining a commercial truck driver's license and employers' resulting mandatory obligation to drug test employees. *Id.* at 12 - 13. Alves also presented evidence that his blood opiate concentration on various occasions would have exceeded the statutory maximum cutoff concentration for initial drug testing for the presence of opiate metabolites. *Id.* at 13. Because Alves's prior relevant work required mandatory drug testing, and medical records raised an issue of

**MEMORANDUM DECISION AND ORDER - 7**

whether Alves would be able to pass the mandatory drug testing due to his use of prescribed pain killers, the court held the ALJ erred by not considering the impact of medications on the plaintiff's ability to be employed to perform his prior relevant work. *Id.* at 14 (citing *Berry*, 622 F.3d at 1233.)

Plaintiff argues Idaho law categorically prohibits individuals from obtaining a license to sell insurance if they are under the influence of any type of drug,[7] thus making it "a physical demand of the job." Pl.'s Brief at 11, citing *Berry v. Astrue*, 622 F.3d 1228, 1232 (9th Cir. 2010). (Dkt. 14.) At the hearing before the ALJ, Plaintiff testified it would be "illegal" to sell insurance if impaired by drugs or alcohol. (AR 42.) He did not, however, introduced any evidence during the hearing concerning the nature or requirements of any mandatory drug test necessary to secure or retain a license to sell insurance in the state of Idaho. Nor did he reference any statute or regulation that would require him to pass a drug test to obtain or maintain a license to sell insurance. Unlike *Berry,* Plaintiff was not foreclosed from presenting evidence during the hearing before the ALJ concerning any statutory requirement that would categorically prohibit someone from obtaining a license to sell insurance in the state of Idaho if the person was unable to pass a mandatory drug test due to use of prescribed pain medication.

Plaintiff argues that Idaho Code § 41-1016(1)(h) supports his assertion. This statute precludes an individual from obtaining or maintaining a license to sell insurance if

---

[7] Plaintiff was prescribed opiate pain medication, including Percocet, at various times mentioned in the record. (AR 22, 503 – 506, 728, 787, 777, 767, 863, 871, 867).

**MEMORANDUM DECISION AND ORDER - 8**

the applicant is found "[u]sing fraudulent, coercive or dishonest practices, or demonstrating incompetence, untrustworthiness or financial irresponsibility, or being a source of injury and loss to the public or others, in the conduct of business in this state or elsewhere." Plaintiff contends this statutory provision supports his contention that the use of narcotic pain medication would disqualify him from obtaining and maintaining a license to sell insurance.

The Court is not required to accept Plaintiff's unsupported assertion that he would be prevented from obtaining or maintaining a license to sell insurance because he takes opiate pain medication. While Idaho Code § 41-1016(1)(h) theoretically could provide a basis for rejecting an application or revoking a license, the statute does not contain an express prohibition precluding an individual from obtaining or renewing a license to sell insurance if he or she is unable to pass a drug test. Unlike the statute regulating commercial truck drivers, Idaho Code § 41-1016(1)(h) does not reference mandatory drug testing. Next, the licensure regulations do not contain a requirement that insurance producer applicants take or pass a mandatory drug test as a condition of licensure. *See* IDAPA 18.06.01 - .06.[8] Third, a review of the Department of Insurance's literature explaining the requirements for obtaining an individual producer license to sell, solicit, or negotiate insurance in Idaho does not reveal a mandatory drug testing requirement.[9] And last, the uniform application for an individual producer license utilized by the Idaho

---

[8] Administrative Rules, IDAPA 18, https://doi.idaho.gov/information/regulation/rules/
[9] Idaho Department of Insurance, Important Information for Individual Producers, https://doi.idaho.gov/wp-content/uploads/Licensing/PRODUCER-LICENSE-FLYER-2015.pdf.

**MEMORANDUM DECISION AND ORDER - 9**

Department of Insurance[10] does not reveal a mandatory drug testing requirement as a condition of obtaining a license.[11]

In contrast to the statutory requirements for individuals applying for a commercial driver's license, the Court has found no statute or regulation requiring an applicant seeking to obtain or maintain a license to sell or solicit insurance to take and pass a mandatory drug test. Plaintiff, who was represented by counsel at the hearing before the ALJ, made no offer of proof concerning the requirements to obtain a license to sell or solicit insurance in the state of Idaho, and did not offer evidence other than his own unsupported assertion that drug testing was mandated. (AR 12 – 31.) *See, e.g., Querec v. Comm'r of Soc. Sec.*, No: 6:14-cv-983-Orl-GJK, 2016 WL 70683 at * (M.D. Fla. Jan. 6, 2016) (ALJ failed to address the vocational expert's testimony that drug testing would be required for the claimant to perform his past relevant work and that an individual taking a high-level narcotic would not be hired). Thus, this is not a case where the ALJ ignored evidence or legal authority supporting Plaintiff's assertion that his opiate use would categorically prevent him from obtaining a license to sell or solicit insurance.

The Court therefore finds Plaintiff failed to carry his burden of proof at step four concerning the ALJ's finding that Plaintiff could return to his past relevant work as an insurance sales agent. The Court further finds this failure was not the product of legal error by the ALJ. In making this finding, the Court need not consider Plaintiff's alternate

---

[10] Idaho Department of Insurance, https://doi.idaho.gov/
[11] Idaho Department of Insurance, Uniform Application for Individual Producer License/Registration, https://doi.idaho.gov/wp-content/uploads/Licensing/2014-IND-NAIC-APP.pdf.

theory of error concerning the ALJ's finding that Plaintiff could also return to his past

relevant work as a sales manager.[12] The Commissioner's decision will be affirmed.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED that:**

1)  The decision of the Commissioner of Social Security is **AFFIRMED**; and

2)  Judgment will be entered in favor of Defendant.

DATED: April 4, 2023

Honorable Candy W. Dale
United States Magistrate Judge

---

[12] Defendant addresses Plaintiff's recitation of evidence which suggested the side effects of his prescription pain medication made it impossible for him to concentrate sufficiently to perform his past relevant work as an insurance sales agent. Def.'s Brief at 5. (Dkt. 15.) However, Plaintiff did not challenge the ALJ's RFC finding, which "clearly recognized that Plaintiff's opiate pain medication caused impairment." Pl.'s Brief at 9. (Dkt. 14.) The Court will not address this issue on Plaintiff's behalf simply because it was mentioned in Defendant's brief. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (issues which are not specifically and distinctly argued and raised in a party's opening brief are waived) and *Carmickle v. Comm'r of Social Sec. Admin*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (refusing to address an ALJ's finding where the Petitioner "failed to argue [the] issue with any specificity in his briefing.").

**MEMORANDUM DECISION AND ORDER - 11**